IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,

     Plaintiff,

v.                                   Civil Action No. 5:05CV24
                                                  (STAMP)

JILL A. ARMITAGE,
TBR, INC. d/b/a
TJ'S SPORTS GARDEN AND RESTAURANT,
TASHE JOVANNI RADEVSKI,
ROBIN L. CROFT, BRANDY G. MCCOY
and SHANE KULPA,

     Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS TBR, INC.
AND RADEVSKI'S MOTION TO DISMISS,
GRANTING DEFENDANTS ARMITAGE, CROFT
AND McCOY'S MOTION TO DISMISS,
DISMISSING WITHOUT PREJUDICE ERIE'S
DECLARATORY ACTION AGAINST ALL DEFENDANTS
AND DENYING WITHOUT PREJUDICE ERIE'S
MOTIONS FOR SUMMARY JUDGMENT AND
FOR LEAVE TO FILE EXCESS PAGES**

I. Procedural History

On March 2, 2005, plaintiff, Erie Insurance Property and Casualty Company ("Erie"), filed this action seeking a declaration from this Court that Erie is not required to provide coverage under the insurance policy at issue in this case for the claims of Jill A. Armitage ("Armitage"), Brandy G. McCoy ("McCoy") and Robin L. Croft ("Croft"), and that Erie does not have a contractual duty to defend or indemnify TBR, Inc. d/b/a TJ's Sports Garden and Restaurant ("TBR"), Tashe Jovanni Radevski ("Radevski") or Shane

Kulpa ("Kulpa"). On April 6, 2005, defendants TBR and Radevski filed a motion to dismiss for lack of subject matter jurisdiction, and Erie filed a response on April 19, 2005. Defendants TBR and Radevski then filed a reply. On April 13, 2005, defendants Armitage, Croft and McCoy filed a motion to dismiss for lack of subject matter jurisdiction. Erie filed a response on April 27, 2005. No reply was filed by the defendants Armitage, Croft and McCoy.[1]

On October 14, 2005, Erie filed a motion for summary judgment accompanied by a motion to exceed page limits. Defendants TBR and Radevski filed a response and defendants Armitage, Croft and McCoy filed a separate response. Erie then filed a reply.

For the reasons stated below, this Court finds that it does not have subject matter jurisdiction over the above-styled civil action, and therefore, Erie's action against all defendants must be dismissed from this Court without prejudice to it being refiled in the appropriate state court. Accordingly, this Court also must deny without prejudice the plaintiff's motion for summary judgment and motion to exceed page limits.

---

[1] The docket shows that defendant Kulpa was served on April 15, 2005, but has not appeared in this action. Accordingly, he has not joined either of the two motions to dismiss or responded to any motions made against him.

## II. Facts

TBR purchased a general liability insurance policy from Erie that was effective from November 9, 2001 to November 9, 2002 ("Liability Policy").[2] (TBR Mot. Dismiss Ex. A.) Armitage, McCoy and Croft were employed by TBR. Between September 5, 2003 and July 9, 2004, each employee filed a civil action against TBR, Radevski and Kulpa in the Circuit Court of Ohio County alleging violations of the West Virginia Human Rights Act, constructive discharge, intentional and negligent infliction of emotional distress and battery.[3] From the record in this case, it would appear that all three actions are currently pending in state court.

Defendants TBR and Radevski notified Erie of each of the three claims, and sought indemnification and a defense against each claim pursuant to the terms of the Liability Policy. The Liability Policy has a liability limit of $1 million per occurrence. (Compl. at ¶ 9.) However, it should be noted that defendants TBR and Radevski provide in their motion to dismiss demand letters delivered by each of the three underlying plaintiffs. Both McCoy and Armitage delivered demands for $50,000.00 each in December 2004

---

[2] The policy at issue in this case is titled Commercial General Liability Policy, Policy #Q47-5950020.

[3] Croft filed Civil Action No. 03-C-472 on September 5, 2003. Armitage filed Civil Action No. 04-C-49 on February 5, 2004. McCoy filed Civil Action No. 04-C-281 on July 9, 2004. See Defs.' Armitage, Croft and McCoy Mot. Dismiss at 2 and Defs.' TBR and Radevski Mot. Dismiss at 1.

3

and Croft delivered a demand for $70,000.00 in April 2005. See Defs.' TBR and Radevski Mot. Dismiss Exs. D, E and F.

When Erie filed its action for declaratory relief, Radevski, Kulpa, McCoy, Armitage and Croft were residents of West Virginia. TBR was, and continues to be, a West Virginia corporation with its principal place of business in Wheeling, Ohio County, West Virginia. Erie is a Pennsylvania corporation with its principal place of business in Pennsylvania. The parties do not disagree that there is complete diversity. Instead, the defendants in this action argue that the plaintiff has failed to prove the requisite amount in controversy.

### III. Applicable Law

The burden of proving subject matter jurisdiction on a motion to dismiss is on Erie, the party asserting jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942). A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990). Where a defendant moves for dismissal for lack of subject

matter jurisdiction, as well as on other grounds, "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." Rhulen Agency, Inc. v. Alabama Ins. Guaranty Assoc., 896 F.2d 674, 678 (2d Cir. 1990) (quoting 5 C. Wright and A. Miller, Federal Practice and Procedure § 1350, p. 548 (1969)). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

IV. Discussion

Plaintiff maintains in its complaint that complete diversity exists and that the requisite amount in controversy has been met because the Liability Policy has a $1 million policy limit. As stated above, the defendants in this action agree that complete diversity exists, but argue that the jurisdictional amount in controversy has not been met.

Specifically, defendants TBR and Radevski argue that the plaintiff have not presented any evidence establishing the value of the underlying claim and may not rely on the Liability Policy's $1 million liability limit to establish the amount in controversy. Defendants TBR and Radevski present evidence that McCoy offered to settle her underlying claim for $50,000.00, that Armitage offered to settle her underlying claim for $50,000.00 and that Croft offered to settle her underlying claim for $70,000.00. They argue that Erie may not aggregate the claims of McCoy, Armitage and Croft in order to establish the amount in controversy for this action.

Similarly, defendants Armitage, Croft and McCoy, who are also plaintiffs in the underlying state court actions against Erie, argue that Erie may not aggregate, for purposes of amount in controversy, the value of their three independent, underlying suits against TBR, Radevski and Kulpa. Moreover, defendants Armitage, Croft and McCoy agree with defendants TBR and Radevski that the policy limit of liability does not, without more, establish the amount in controversy. Finally, defendants Armitage, Croft and McCoy argue that requests for punitive damages and attorney's fees do not create the jurisdictional amount.

Erie responds to both defendants by arguing that the amount in controversy is established by the amount that Erie "might potentially be required to pay" as established by the Liability Policy limit of $1 million. Erie asserts that this Court should

consider that the plaintiff in each underlying action has requested punitive damages.  Finally, Erie argues that this Court should aggregate the underlying claims to reach the requisite amount in controversy.[4]

This Court rejects the plaintiff's contention that the amount in controversy is measured by the Liability Policy's limits rather than the value of the underlying claim.  Policy limits are relevant in determining the amount in controversy "only if the validity of the entire insurance policy is at issue . . ."  <u>Budget Rent-A-Car, Inc. v. Higashiguchi</u>, 109 F.3d 1471, 1473 (9th Cir. 1997)(citing 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3710 (2d ed. 1985)).  Where coverage of a particular occurrence is at issue, the amount in controversy is the value of the underlying action.  <u>Budget</u> at 1473; <u>Hartford Ins. Group v. Lou-Con, Inc.</u>, 293 F.3d 908, 911 (5th Cir. 2002).  Here, Erie seeks a declaratory judgment that it is not obligated by its policy to indemnify or defend the claims at issue in the underlying action.  Erie does not seek to void the entire Liability Policy.  Accordingly, this Court finds that the

---

[4]Defendants argue in the alternative that this Court should dismiss or stay this action pursuant to the doctrine of abstention.  Because this Court finds that dismissal is appropriate for lack of subject matter jurisdiction as explained below, it does not reach the issue of abstention.

jurisdictional amount is appropriately measured by the value of the underlying claim rather than the $1 million policy limit.[5]

Beyond stating the limits on the Liability Policy, Erie has presented no evidence showing that the requisite amount in controversy has been met. Jurisdiction over the plaintiff's action cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. at 932, 938 (S.D. W. Va. 1996).

Finally, this Court rejects Erie's contention that the claims underlying this declaratory action may be aggregated for purposes of reaching the requisite amount in controversy.[6] As a general rule, claims by or against co-parties in multiparty litigation may

---

[5] It should be noted that cases cited by Erie are not helpful. Certain cases concerned actions where a party sought to invalidate the entire contract, which is distinguishable from this action. See New Century Cas. Co. v. Chase, 39 F. Supp. 768 (S.D. W. Va. 1941)(whether policy was in effect); Davis v. American Foundry Equip. Co., 94 F.2d 441, 443 (7th Cir. 1938)(whether contract was valid). In Security Ins. Co. v. Jay, 109 F. Supp. 87 (D.C. Minn. 1952), the maximum amount in damages under the policy was actually sought. Id. at 89. Finally, Barry v. Edmunds, 116 U.S. 550 (1886), is a 19th Century case involving taxes assessed on a Virginia property and is not relevant to this declaratory action involving particular clauses of a liability insurance policy.

[6] It should be noted that even if the claims could be aggregated, Erie has not presented evidence showing what the aggregated amount would be.

not be aggregated to meet the jurisdictional amount. See, e.g., Metropolitan Life Ins. Co. v. Ditmore, 729 F.2d 1, 8 (1st Cir. 1984)(denying aggregation of health insurer claims for individual overpayments); Niagara Fire Ins. Co. v. Dyess Furniture Co., 292 F.2d 232, 233 (5th Cir. 1961)(denying aggregation where three insurance companies issued separate policies on a single building under which each insurer was required to contribute a specified percentage in the event of a loss); Century Ins. Co. v. Mooney, 241 F.2d 910, 912-13 (10th Cir. 1957)(denying aggregation where four insurers sought declaratory judgment of non-coverage for casualty loss).

Specifically, where two or more claimants are joined as defendants in one declaratory action, aggregation of the underlying claims to reach the jurisdictional minimum depends on whether the potential liability of the insurer is joint or several. Motorists Mut. Ins. Co. v. Simpson, 404 F.2d 511, 513 (7th Cir. 1969). As the Seventh Circuit reasons:

> If joint, the matter in controversy between the insurer and the defendants is the sum of the potential claims. On the other hand, if the insurer's potential liability is several, jurisdiction under section 1332(a) can be sustained only against those defendants whose respective controversies individually involved matters exceeding the jurisdictional amount.

Id.

Here, the underlying actions against Erie are several. None of the underlying claimants were required to join any of the other

9

underlying claimants in their state actions.  Although Erie is potentially liable to each plaintiff under a single document, it is well established that aggregation of claims "cannot be made merely because the claims are derived from a single instrument." Thomson, 315 U.S. at 447.  Accordingly, this Court holds that the underlying claims may not be aggregated to establish the amount in controversy in this action.

## V. Conclusion

For the reasons stated above, this Court finds that it lacks subject matter jurisdiction because the plaintiff has failed to establish the requisite amount in controversy against any of the defendants in this action.  Therefore, defendants TBR and Radevski's motion to dismiss is GRANTED and Erie's action against defendants TBR and Radevski is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  Similarly, defendants Armitage, Croft and McCoy's motion to dismiss is GRANTED and Erie's action against Armitage, Croft and McCoy is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  Although Kulpa has not filed his own motion to dismiss, this Court finds that Erie has also failed to establish the requisite amount in controversy as to Kulpa, and therefore, Erie's complaint against Kulpa is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Because Erie's action is dismissed for lack of subject matter jurisdiction, Erie's motions for summary judgment and for leave to file excess pages are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   December 13, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE